JUDGE FORREST

John P. Margiotta (jmargiotta@fzlz.com)
Emily Weiss (eweiss@fzlz.com)
FROSS ZELNICK LEHRMAN & ZISSU, P.C.
866 United Nations Plaza
New York, NY 10017
(212) 813-5900



*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

VAN CLEEF & ARPELS, S.A.; and VAN CLEEF &
ARPELS, a division of RICHEMONT NORTH
AMERICA, INC.,

                    Plaintiffs,

    v.

CLASSIC IMPORTS OF N.Y. INC. d/b/a CLASSIC
OF NY, CLASSIC OF NEW YORK, and CLASSIC
IMPORTS; and ERNEST FULOP,

                    Defendants.

Civil Action No. _____

**COMPLAINT**
**(JURY TRIAL DEMANDED)**



Plaintiffs Van Cleef & Arpels, S.A. and Van Cleef & Arpels, a division of Richemont

North America, Inc. (collectively, "Van Cleef & Arpels," "VCA," or "Plaintiffs"), for their

Complaint against Defendants Classic Imports of N.Y. Inc. d/b/a Classic of NY, Classic of New

York, and Classic Imports, and Ernest Fulop (collectively, "Defendants"), allege as follows:

## SUBSTANCE OF THE ACTION

1.      All of the claims asserted herein arise out of and are based on Defendants' willful

infringement of VCA's intellectual property rights, which Defendants are well aware of but

choose to blatantly disregard.  Defendants unlawfully promote, distribute, and sell jewelry

products that are imitations of VCA's jewelry designs, which are protected under copyright and

trademark laws.

2.      Plaintiffs bring claims for copyright infringement under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.*; trade dress infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1); unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and related claims of trade dress infringement, unfair competition, deceptive business practices, and trademark dilution under New York law.  Plaintiffs seek injunctive and monetary relief.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction under Section 501 of the Copyright Act, 17 U.S.C. § 501; under Section 39 of the Lanham Act, 15 U.S.C. § 1121; under Sections 1331 and 1338(a) and (b) of the Judicial Code, 28 U.S.C. §§ 1331, 1338(a) & (b); and under principles of pendent jurisdiction.  Supplemental jurisdiction exists over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4.      This Court has personal jurisdiction over Defendants under New York Civil Practice Law and Rules §§ 301 and 302(a) because, upon information and belief, (i) Defendant Classic Imports of N.Y. Inc.'s place of incorporation and principal place of business is New York, (ii) Defendant Ernest Fulop is a domicile of New York; and/or (iii) Defendants have transacted business in New York and have contracted to supply goods or services in New York in connection with matters giving rise to this suit.

5.      Venue is proper under Section 1391(b) of the Judicial Code, 28 U.S.C. § 1391(b), because, on information and belief, Defendant Classic Imports of N.Y. Inc. resides in this District and because a substantial part of the events giving rise to the claims occurred in this district.

## THE PARTIES

6.      Plaintiff Van Cleef & Arpels, S.A. is a corporation organized and existing under the laws of Switzerland, having a principal place of business at 8 Rue des Biches, 1752 Villars-sur-Glane, Switzerland.  Van Cleef & Arpels, S.A. is the successor-in-interest to Van Cleef & Arpels Logistics, S.A.

7.      Plaintiff Van Cleef & Arpels, a division of Richemont North America, Inc., is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 645 Fifth Avenue, New York, New York 10022.  Van Cleef & Arpels, a division of Richemont North America, Inc., is the successor-in-interest to Van Cleef & Arpels, Inc.

8.      For the purposes of this Complaint, except where specified, the interests of Plaintiffs Van Cleef & Arpels, S.A. and Van Cleef & Arpels, a division of Richemont North America, Inc., are as a practical matter identical, and they are herein referred to individually and collectively as "Van Cleef & Arpels" or "VCA."

9.      Upon information and belief, Defendant Classic Imports of N.Y. Inc. is a corporation organized and existing under the laws of the State of New York, having a principal place of business at 32 West 39th Street, 8th floor, New York, New York 10018, and also operating at 1001 Sixth Avenue, 8th Floor, New York, New York 10018.

10.     Upon information and belief, Defendant Ernest Fulop is a resident and citizen of the State of New York.  On information and belief, Defendant Ernest Fulop is the owner and Chief Executive Officer of Defendant Classic Imports of N.Y. Inc.

{F1643115.1 }

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

**I.**     **VAN CLEEF & ARPELS' BUSINESS AND IP RIGHTS**

    **A.**     The VAN CLEEF & ARPELS Brand and Business

    11.     VCA is a world-famous supplier of fine jewelry sold under the VAN CLEEF & ARPELS brand name.  Since its inception in France in 1896, VCA and its predecessors-in-interest have been known for their innovative, high-quality fine jewelry.  VCA's products appeal to the luxury goods market and are considered extraordinarily fashionable.

    12.     VCA's products are sold only in company-owned stores, in authorized specialty retail stores, and in authorized premium department stores.  VCA currently operates twelve boutiques under the VAN CLEEF & ARPELS name in the United States, including its famous New York City boutique located on the corner of 57th Street and 5th Avenue.

    **B.**     VCA's Alhambra Collection and Related Intellectual Property Rights

    13.     One of VCA's most well-known and sought-after jewelry designs is known as the "Alhambra."  VCA's Alhambra collection was developed in France in the late 1960s and features a quatrefoil motif.

    14.     To this day, VCA offers a collection of jewelry based on its first Alhambra design, which is now referred to as the "Vintage Alhambra" collection to distinguish it from later variations on the original design.  Examples from the Vintage Alhambra collection are pictured below:

{F1643115.1 }



15.     Over time, VCA has introduced several variations of the original Alhambra design.  One such variation is the "Byzantine Alhambra" design, examples of which are shown below:



16.     Another variation is the "Magic Alhambra" collection.  Examples from the Magic Alhambra collection are pictured below:

{F1643115.1 }



*1.    VCA's U.S. and French Copyrights in the Alhambra Works*

17.    Plaintiff Van Cleef & Arpels, a division of Richemont North America, Inc., owns, as the successor-in-interest to Van Cleef & Arpels, Inc., a U.S. copyright in a necklace that was part of an early Alhambra collection created in France.  Van Cleef & Arpels, Inc., in turn, owned the U.S. copyright by assignment.  That necklace is the subject of U.S. Copyright Registration No. GP 101,958 (the "U.S. Alhambra Copyright Registration"), owned by Plaintiff Van Cleef & Arpels, a division of Richemont North America, Inc.  A true and correct copy of the U.S. Alhambra Copyright Registration and the deposit copy, a photograph of the necklace featuring the Alhambra design, is attached as <u>Exhibit A</u>.

18.    Plaintiff Van Cleef & Arpels, S.A. also owns a copyright under French law (the "French Alhambra Copyright") in the Alhambra necklace that is the subject of the U.S. Alhambra Copyright Registration.  Pursuant to the Berne Convention, of which both the United States and France are signatories, Plaintiff Van Cleef & Arpels, S.A. is permitted to enforce the French Alhambra Copyright in the United States.

19.    Plaintiff Van Cleef & Arpels, S.A. owns, as the successor-in-interest to Van Cleef & Arpels Logistics, S.A., U.S. Copyright Registration No. VA 1-389-451 (the "U.S. Byzantine Alhambra Copyright Registration") for the entire Byzantine Alhambra collection – a derivative

{F1643115.1 }

work based on or incorporating the Alhambra necklace that is the subject of the U.S. Alhambra Copyright Registration.  A true and correct copy of the U.S. Byzantine Alhambra Copyright Registration and the deposit copy, photographs of jewelry pieces in the Byzantine Alhambra collection, is attached as Exhibit B.

20.     Plaintiff Van Cleef & Arpels, S.A. owns, as the successor-in-interest to Van Cleef & Arpels Logistics, S.A., U.S. Copyright Registration No. VA 1-390-325 (the "U.S. Magic Alhambra Copyright Registration") for the entire Magic Alhambra collection – a derivative work based on or incorporating the Alhambra necklace that is the subject of the U.S. Alhambra Copyright Registration.  A true and correct copy of the U.S. Magic Alhambra Copyright Registration and the deposit copy, photographs of jewelry pieces in the Magic Alhambra collection, is attached as Exhibit C.

21.     Plaintiff Van Cleef & Arpels, S.A. also owns a copyright under French law in the Magic Alhambra collection (the "French Magic Alhambra Copyright").  Pursuant to the Berne Convention, of which both the United States and France are signatories, Plaintiff Van Cleef & Arpels, S.A. is permitted to enforce the French Magic Alhambra Copyright in the United States.

22.     Collectively, the U.S. Alhambra Copyright Registration, the French Alhambra Copyright, the U.S. Byzantine Alhambra Copyright Registration, the U.S. Magic Alhambra Copyright Registration, and the French Magic Alhambra Copyright are herein referred to as the "Alhambra Copyrights."  Collectively, the works that are the subjects of the Alhambra Copyrights are herein referred to as the "Alhambra Works."

    2.     *VCA's U.S. Trade Dress in the Alhambra Design*

23.     Each of the pieces in VCA's Alhambra jewelry collections – including but not limited to the Vintage Alhambra, the Byzantine Alhambra, and the Magic Alhambra collections

{F1643115.1 }

– incorporates a distinctive quatrefoil design composed of a unique combination of elements that collectively create a particular trade dress that is characteristic of VCA's Alhambra collections (the "Alhambra Trade Dress").  A close-up of an example of the Alhambra Trade Dress is depicted below:



24.     The Alhambra Trade Dress cannot be described perfectly in words.  However, the Alhambra Trade Dress consists of the configuration of a quatrefoil-shaped ornament comprising:

1.     four identical lobes;

2.     each lobe having a semicircular shape;

3.     the lobes having both left-right and top-bottom symmetry;

4.     an outer band;

5.     having a constant width;

6.     the outer surface of the band defining the contour of the ornament;

7.     the inner surface of the band defining an inner or central portion;

8.     having four identical cusps (inner points of the lobes) which extend about half way into the ornament;

9.     the inner portion;

{F1643115.1 }

10.     having a quatrefoil shape defined by the inner surface of the outer band; and

11.     which is either hollowed out or made of a single filling material, such as mother of pearl, onyx, lapis, diamonds or metal, and may include a small centered jewel.

25.     For decades and continuing through today, VCA has made widespread and exclusive use of the iconic Alhambra Trade Dress.  VCA has invested a considerable amount of time, effort, and money advertising and promoting its jewelry and watch products bearing the Alhambra Trade Dress and has enjoyed enormous success selling such products in the United States and around the world.  Products bearing the Alhambra Trade Dress have received extensive unsolicited media coverage due to their innovative and distinctive design and their popularity with many high-profile celebrities.

26.     By virtue of extensive sales, advertising, and promotion, the Alhambra Trade Dress has become instantly recognizable to the public as exclusively denoting VCA and signaling the high quality of its products.  As such, the Alhambra Trade Dress has obtained secondary meaning and is an enormously valuable asset of VCA.

27.     In addition to VCA's extensive and strong common law rights in the Alhambra Trade Dress, Plaintiff Van Cleef & Arpels, S.A. owns U.S. Registration No. 4,326,883 for the Alhambra Trade Dress for use in connection with "jewelry" in International Class 14, which issued on April 30, 2013 and is based on a first use in commerce in 1968.  A printout detailing the registration information is attached hereto as Exhibit D.

28.     The Alhambra Trade Dress is inherently distinctive.

## II.    DEFENDANTS' UNLAWFUL ACTIVITIES

29.    On information and belief, Defendants are wholesale retailers who sell jewelry to retailers.  Defendants operate a showroom in midtown Manhattan, and also display and offer for sale jewelry products through their website, located at *www.classicofny.com*, and through their catalogs.

30.    On information and belief, Defendants have manufactured, advertised, offered for sale, sold, distributed, imported, and/or exported jewelry pieces that bear the Alhambra Trade Dress and are substantially similar to the Alhambra Works.

31.    Two retailers have identified Defendants as the source of jewelry products that are imitations of VCA's Alhambra collection.  First, a jewelry store operating in midtown Manhattan was selling various jewelry pieces that bore the Alhambra Trade Dress and that were substantially similar to the Alhambra Works.  After VCA sent a cease-and-desist letter to this retailer, it stopped offering for sale the infringing jewelry pieces and identified Defendants as the source of such products.  Attached as <u>Exhibit E</u> are examples of the infringing jewelry pieces that were supplied to this midtown Manhattan retailer by Defendants.

32.    Second, VCA discovered that numerous jewelry pieces that bore the Alhambra Trade Dress and that were substantially similar to the Alhambra Works were being sold on Overstock.com under the brand name La Preciosa.  After contacting Overstock.com regarding these infringing jewelry products, VCA learned that Defendants were supplying the La Preciosa products.  Defendants acted as drop shippers for the La Preciosa jewelry items; this means that Overstock.com merely transferred customers' orders to Defendants, who themselves maintained the inventory of the infringing products and shipped the infringing products to customers.

Attached as Exhibit F are examples of the infringing jewelry pieces that Defendants were selling on Overstock.com.

33. Upon information and belief, Defendants have sold to retailers other than those named herein.

34. Further, Defendants' catalogs and website feature jewelry products that bear the Alhambra Trade Dress and that are substantially similar to the Alhambra Works, as shown in the pages from Defendants' catalog and website attached hereto as Exhibit G.

35. Upon information and belief, such activities are being done willfully, with the knowledge that such jewelry is copied from, and/or based upon, Plaintiffs' collections and that such jewelry is confusingly similar to the Alhambra Trade Dress and substantially similar to the Alhambra Works.

36. Indeed, Defendants have actual knowledge of VCA's rights in its Alhambra collection.  VCA sent a cease-and-desist letter to Defendants via both overnight courier and e-mail.  Defendants refused to accept delivery of the hard copy sent via overnight courier, but, on information and belief, Defendants received the electronic version that was sent by e-mail to Defendants' e-mail address posted on the *www.classicofny.com* website.

37. Because Defendants did not respond to VCA's letter, a month later VCA tried again to send a hard copy to Defendants, but this time by hand delivery.  Once again, acceptance of delivery was refused, with Defendants' agents claiming that Defendant Classic Imports of N.Y. Inc. was not located at that address, despite the address being the same as the address recorded with the New York Secretary of State and the address to which the retailer in midtown Manhattan returned its infringing jewelry products.  VCA then tried once more to send a hard

copy of the cease-and-desist letter via overnight courier, this time to another address that was associated with Defendants.  Like the other times, Defendants refused to accept delivery.

38.     On information and belief, Defendants are in receipt of the electronic version of VCA's cease-and-desist letter, and thus they are well aware that they are offering for sale and selling jewelry products that are confusingly similar to the Alhambra Trade Dress and substantially similar to the Alhambra Works.  On information and belief, Defendants are being purposely deceptive by claiming that Defendant Classic Imports of N.Y. Inc. is not located at the addresses to which VCA's letter were sent or delivered, with their goal being to evade the consequences of their actions.

39.     Defendants are not related to or affiliated with VCA in any way.  Defendants have not sought or received a license or authorization from VCA for any purpose whatsoever, including for the acts described herein.

40.     Defendants' sale of infringing products unlawfully wrests from Plaintiffs control over their reputation and, upon information and belief, is unjustly enriching Defendants.

41.     Defendants' unauthorized acts as described herein have caused and will continue to cause irreparable damage to Plaintiffs and their business and goodwill unless restrained by this Court.

## FIRST CLAIM FOR RELIEF BY ALL PLAINTIFFS: COPYRIGHT INFRINGEMENT IN VIOLATION OF 17 U.S.C. § 501

42.     Plaintiffs repeat and incorporate herein by reference each of the foregoing allegations.

43.     The Alhambra Works are original and creative works of VCA and its predecessors-in-interest.  VCA is the owner of the Alhambra Works and is the exclusive owner of the Alhambra Copyrights, including the French Alhambra Copyright and the Frennch Magic

Alhambra Copyright, which were obtained under French law and are recognized as copyrighted subject matter under U.S. Copyright Law.

44.     The Alhambra Works were first offered for sale in France.  Such designs are not "U.S. Works" within the meaning of 17 U.S.C. §§ 101 and 411(a), and therefore no copyright registration is required to maintain this action.  Nonetheless, VCA also owns the U.S. Alhambra Copyright Registration, the U.S. Byzantine Alhambra Copyright Registration, and the U.S. Magic Alhambra Copyright Registration, which are valid U.S. copyright registrations.

45.     Defendants, without VCA's authorization or consent, have manufactured, imported, displayed, advertised, reproduced, distributed, exported, offered for sale, and/or sold jewelry products incorporating designs that were copied from and are substantially similar in overall appearance to the Alhambra Works.

46.     Defendants thereby have violated and, upon information and belief, continue to violate, VCA's exclusive rights in the Alhambra Works and the Alhambra Copyrights under Section 106 of the Copyright Act, 17 U.S.C. § 106, in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

47.     Upon information and belief, Defendants' aforesaid conduct has been undertaken knowingly, willfully, and in bad faith.

48.     Defendants' infringement of VCA's exclusive rights in the Alhambra Works and the Alhambra Copyrights has caused VCA damage, and has enabled Defendants to profit illegally therefrom.

49.     Defendants' copyright infringement has caused, and unless enjoined by this Court, will continue to cause, VCA to sustain irreparable damage, loss, and injury, for which VCA has no adequate remedy at law.

{F1643115.1 }

**SECOND CLAIM FOR RELIEF BY VAN CLEEF & ARPELS, S.A.:
INFRINGEMENT OF REGISTERED TRADE DRESS IN
VIOLATION OF 15 U.S.C. § 1114(1)**

50.     Plaintiffs repeat and incorporate herein by reference each of the foregoing

allegations.

51.     The Alhambra Trade Dress is used in commerce, is non-functional, is inherently

distinctive, and has acquired secondary meaning as the indicator of VCA as the exclusive source

of products containing or incorporating such design.

52.     Defendants have adopted the Alhambra Trade Dress and have, without VCA's

authorization or consent, manufactured, imported, displayed, advertised, reproduced, distributed,

exported, offered for sale, and/or sold jewelry designs that contain or incorporate the Alhambra

Trade Dress that is the subject of U.S. Registration No. 4,326,883 or designs that are confusingly

similar thereto.

53.     Defendants' conduct is likely to cause confusion, cause mistake, and/or deceive as

to the affiliation, connection, or association between Defendants and VCA, and/or as to VCA's

sponsorship or approval of Defendants' goods, services, and/or commercial activities.

54.     As a result of the foregoing, Defendants have falsely designated the origin of their

products, all in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

55.     Upon information and belief, Defendants' aforesaid conduct has been undertaken

knowingly, willfully, and in bad faith.

56.     Defendants' aforesaid conduct has caused, and unless enjoined by this Court, will

continue to cause, VCA to sustain irreparable damage, loss, and injury, for which VCA has no

adequate remedy at law.

**THIRD CLAIM FOR RELIEF BY VAN CLEEF & ARPELS, S.A.:**

14

## UNFAIR COMPETITION IN VIOLATION OF 15 U.S.C. § 1125(a)

57.     Plaintiffs repeat and incorporate herein by reference each of the foregoing allegations.

58.     The Alhambra Trade Dress is used in commerce, is non-functional, is inherently distinctive, and has acquired secondary meaning as the indicator of VCA as the exclusive source of products containing or incorporating such design.

59.     Defendants have adopted the Alhambra Trade Dress and have, without VCA's authorization or consent, manufactured, imported, displayed, advertised, reproduced, distributed, exported, offered for sale, and/or sold jewelry designs that contain or incorporate the Alhambra Trade Dress or designs that are confusingly similar thereto.

60.     Defendants' conduct is likely to cause confusion, cause mistake, and/or deceive as to the affiliation, connection, or association between Defendants and VCA, and/or as to VCA's sponsorship or approval of Defendants' goods, services, and/or commercial activities.

61.     As a result of the foregoing, Defendants have falsely designated the origin of their products, all in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

62.     Upon information and belief, Defendants' aforesaid conduct has been undertaken knowingly, willfully, and in bad faith.

63.     Defendants' aforesaid conduct has caused, and unless enjoined by this Court, will continue to cause, Plaintiffs to sustain irreparable damage, loss, and injury, for which Plaintiffs have no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF BY VAN CLEEF & ARPELS, S.A.: COMMON LAW TRADE DRESS INFRINGEMENT

64.     Plaintiffs repeat and incorporate herein by reference each of the foregoing allegations.

{F1643115.1 }

65.     Defendants' aforesaid conduct constitutes common law trade dress infringement under the common law of the State of New York.

66.     Defendants' aforesaid conduct of common law trade dress infringement has caused, and unless enjoined by this Court, will continue to cause, Plaintiffs to sustain irreparable damage, loss, and injury, for which Plaintiffs have no adequate remedy at law.

**FIFTH CLAIM FOR RELIEF VAN CLEEF & ARPELS, S.A.:
COMMON LAW UNFAIR COMPETITION**

67.     Plaintiffs repeat and incorporate herein by reference each of the foregoing allegations.

68.     Defendants' aforesaid conduct constitutes common law unfair competition with Plaintiffs under the common law of the State of New York.

69.     Defendants' aforesaid conduct of common law unfair competition has caused, and unless enjoined by this Court, will continue to cause, Plaintiffs to sustain irreparable damage, loss, and injury, for which Plaintiffs have no adequate remedy at law.

**SIXTH CLAIM FOR RELIEF VAN CLEEF & ARPELS, S.A.:
DECEPTIVE TRADE PRACTICES
IN VIOLATION OF NEW YORK GENERAL BUSINESS LAW § 349**

70.     Plaintiffs repeat and incorporate herein by reference each of the foregoing allegations.

71.     By adopting and using colorable imitations of VCA's Alhambra Trade Dress, Defendants have engaged in activities that deceive or have a tendency to deceive a material segment of the public to which Defendants have directed their marketing activities.

72.     Upon information and belief, through such deceptive acts, Defendants have engaged in consumer-oriented conduct that has affected the public interest of New York and has resulted in injury to consumers and harm to the public in the state of New York.

73.     Upon information and belief, Defendants' conduct is willful and in knowing disregard of Plaintiffs' rights.

74.     By virtue of the foregoing, Defendants have engaged in deceptive acts or practices in the conduct of their business in violation of Section 349 of the General Business Law of the State of New York.

75.     Defendants' aforesaid conduct has caused, and unless enjoined by this Court, will continue to cause, Plaintiffs to sustain irreparable damage, loss, and injury, for which Plaintiffs have no adequate remedy at law.

### SEVENTH CLAIM FOR RELIEF VAN CLEEF & ARPELS, S.A.:
### DILUTION UNDER NEW YORK STATE LAW
### IN VIOLATION OF NEW YORK GENERAL BUSINESS LAW § 360-*l*

76.     Plaintiffs repeat and incorporate herein by reference each of the foregoing allegations.

77.     VCA's Alhambra Trade Dress is well-known to consumers in the United States as exclusively associated with VCA and as a singular designation of the source of VCA's goods.

78.     VCA's Alhambra Trade Dress is inherently distinctive and/or has acquired distinctiveness as a result of VCA's extensive promotion and use.

79.     Defendants' conduct alleged herein is likely to dilute, blur, and/or tarnish the distinctive qualities of VCA's Alhambra Trade Dress in violation of Section 360-*l* of the General Business Law of the State of New York.

80.     Defendants' aforesaid conduct has caused, and unless enjoined by this Court, will continue to cause, Plaintiffs to sustain irreparable damage, loss, and injury, for which Plaintiffs have no adequate remedy at law.

{F1643115.1 }

**WHEREFORE**, Plaintiffs pray for judgment against Defendants as follows:

1.      Permanently enjoining and restraining Defendants, their agents, servants, employees, successors, and assigns and all those in active concert or participation with them, from:

(a)      Infringing the Alhambra Copyrights, including, without limitation, by manufacturing, reproducing, importing, distributing, displaying, advertising, promoting, offering for sale, selling, distributing, importing, or exporting any of the Alhambra Works or any other designs copied or derived from the Alhambra Works;

(b)      Imitating, copying, or making unauthorized use of the Alhambra Trade Dress, including, without limitation, by manufacturing, reproducing, importing, distributing, displaying, advertising, promoting, offering for sale, selling, distributing, importing, or exporting any products bearing the Alhambra Trade Dress or any other design that is confusingly similar to the Alhambra Trade Dress;

(c)      Using any false designation of origin or false description or performing any act that can or is likely to lead members of the trade or public to believe that Defendants are associated with VCA or that any product manufactured, distributed, advertised, displayed, promoted, offered for sale, sold, imported, or exported by Defendants is in any manner associated or connected with VCA, is a genuine product of VCA, or is authorized, licensed, sponsored, or otherwise approved by VCA;

(d)      Engaging in any other activity constituting unfair competition with Plaintiffs, or constituting an infringement of the Alhambra Copyrights or the Alhambra Trade Dress;

(e)      Engaging in any activity that dilutes or tarnishes, or is likely to dilute or tarnish, the Alhambra Trade Dress; and

{F1643115.1 }

(f)     Assisting or authorizing any third party to engage in any of the actions prohibited by subparagraphs (a)-(e) above, inclusive.

2.     Directing that Defendants turn over to Plaintiffs for impoundment and eventual destruction, without compensation to Defendants, all materials in their possession or control that violate the provisions of paragraphs 1(a)-(c) above, along with all articles by means of which such unauthorized copies may be reproduced.

3.     Directing that Defendants, at their own expense, recall from any distributors, retailers, vendors, or others to whom they have distributed materials that violate the provisions of paragraph 1(a)-(c) above, and that Defendants deliver up to Plaintiffs for destruction all materials returned to them.

4.     Directing that Defendants, pursuant to 15 U.S.C. § 1116(a), file with the Court and serve upon Plaintiffs, within thirty (30) days of the entry of injunction prayed for herein, a written report under oath or affirmed under penalty of perjury setting forth in detail the form and manner in which they have complied with the permanent injunction.

5.     Granting Plaintiffs all damages sustained as a result of Defendants' unlawful activities described above, together with appropriate interest thereon and, in connection with Plaintiffs' claims under the Lanham Act, that such sums be trebled; and/or in connection with Plaintiffs' claims under copyright, statutory damages as Plaintiffs may elect.

6.     Granting Plaintiffs all the gains, profits, savings, and advantages realized by Defendants from their unlawful actions described above and, in connection with Plaintiffs' claims under the Lanham Act, that such sums be enhanced.

7.     Granting Plaintiffs punitive damages.

8.      Granting Plaintiffs their full costs, including, as part of such costs, reasonable

attorneys' fees pursuant to 15 U.S.C. § 1117 and/or 17 U.S.C. § 505.

9.      Granting Plaintiffs both pre-judgment and post-judgment interest on each and every

monetary award.

10.     Granting Plaintiffs such other and further relief as the Court may consider equitable,

just and proper.

Dated:  June 3, 2015                              FROSS ZELNICK LEHRMAN & ZISSU, P.C.


By _____
        John P. Margiotta
        Emily Weiss
        866 United Nations Plaza
        New York, New York 10017
        Tel: (212) 813-5900
        *jmargiotta@frosszelnick.com*
        *eweiss@frosszelnick.com*

        *Attorneys for Plaintiffs*

{F1643115.1 }

# EXHIBIT A

*Page 1*

# Application
## for Registration of a Claim to Copyright
### in a work of art or a model
### or design for a work of art

**FORM G**

REGISTRATION NO.
**GP 101958**

DO NOT WRITE HERE
OF   GFO   (CP)   GU

**CLASS**

**G**

**Instructions:** Make sure that all applicable spaces have been completed before you submit the form. The application must be SIGNED on line 11. For published works the application should not be submitted until after the date of publication given in line 6(a), and should state the facts which existed on that date. For further information, see page 4.

Pages 1 and 2 should be typewritten or printed with pen and ink. Pages 3 and 4 should contain exactly the same information as pages 1 and 2, but may be carbon copies.

Mail all pages of the application to the Register of Copyrights, Library of Congress, Washington, D.C. 20559, together with:

(a) If unpublished, a photograph or other identifying reproduction of the work and the registration fee of $6.

(b) If published, two copies of the best edition of the work (or if appropriate, photographs—see line i) and the registration fee of $6.

Make your remittance payable to the Register of Copyrights.

**1. Copyright Claimant(s) and Address(es):** (Give the name(s) and address(es) of the copyright owner(s). For published works the name(s) should ordinarily be the same as in the notice of copyright on the copies deposited. If initials are used in the notice, the name should be the same as appears elsewhere on the copies.

Name ...VCA.-.Alternative.designation.for.Van.Cleef.&.Arpels,.Inc.....................

Address ...744.Fifth.Avenue,.New.York,.N.Y..10019..................................

Name ..................................................................................

Address ...............................................................................

**2. Title:** .."Alhambra".NECKLACE.#.4V258.-.Gold.&.Semi-precious.Stones......
(Give the title of the work as it appears on the copies; a descriptive title may be used where the work is entirely pictorial or sculptural)

**3. Nature of Work:** .............Artistic.Jewelry.................................
(Characterize the general type of artistic work involved, as, for example, painting, drawing, sculpture, etc.)

**➤➤ NOTE: | Leave line 4 blank unless the work has been PUBLISHED and photographs deposited in lieu of copies. | ◄**

**4. Optional Deposit:** (See information on page 4.)

Basis for claiming option (Check and fill in ONE of the following):

☒ Monetary value (retail value per copy) ..abt...$1,500....... ☐ Weight (in pounds) ............

☒ Size (give dimensions) .33.ins..long........... ☐ Fragility (give details) ...........

**5. Author (i.e., Artist):** Citizenship and domicile information must be given. Where a work is made for hire, the employer is the author. The citizenship of organizations formed under U.S. Federal or State law should be stated as U.S.A. If the copyright claim is based on new matter (see line 7) give information about the author of new matter.

Name ...Van.Cleef.&.Arpels,.Inc...................... Citizenship .....USA.....
(Give legal name followed by pseudonym if latter appears on the copies) (Name of country)

Domiciled in U.S.A. Yes ..X.. No ..... Address ..744.Fifth.Avenue,.N.Y..N.Y..10019......

**➤➤ NOTE: | Leave all spaces of line 6 blank unless your work has been PUBLISHED. | ◄**

**6. (a) Date of Publication:** Give the complete date when copies of this particular work were first placed on sale, sold, or publicly distributed. The date when copies were made or printed should not be confused with the date of publication. NOTE: The full date (month, day, and year) must be given.

........................10/31/68...................
(Month)        (Day)        (Year)

**(b) Place of Publication:** Give the name of the country in which this particular work was first published.

**(c) Manufacture Outside United States by Lithographic or Photoengraving Process:** If the copies of this work were manufactured outside the United States by lithographic or photoengraving process, give the name of the country of manufacture.

.......................USA.........................

**➤➤ NOTE: | Leave all spaces of line 7 blank unless the instructions below apply to your work. | ◄**

**7. Previous Registration or Publication:** If a claim to copyright in any substantial part of this work was previously registered in the U.S. Copyright Office in unpublished form, or if a substantial part of the work was previously published anywhere, give requested information.

Was work previously registered? Yes ...... No ..... Date of registration ................. Registration number ............

Was work previously published? Yes ..... No ..... Date of publication ................... Registration number ............

Is there any substantial NEW MATTER in this version? Yes .......... No ....... If your answer is "Yes," give a brief general statement of the nature of the NEW MATTER in this version. (New matter may consist of compilation, abridgment, editorial revision, and the like, as well as additional artistic or graphic material.)

EXAMINER

*Complete all applicable spaces on next page*

8. If registration fee is to be charged to a deposit account established in the Copyright Office, give name of account:

.................................................................................................................................

9. Name and address of person or organization to whom correspondence concerning if any, should be sent:

Name ......E. Gurin................................ Address 744 Fifth Avenue, New York, N.Y. 10

10. Send certificate to:

(Type or
print
name and
address)

| Name | Evelyne Gurin |
|---|---|
| Address | 744 Fifth Avenue |
| | (Number and street) |
| | New York, N.Y. 10019 |
| | (City)        (State)        (ZIP code) |

11. Certification:

(Application not
acceptable
unless signed)

I CERTIFY that the statements made by me in this application are correct to the best of my knowledge.

Evelyne Gurin

(Signature of copyright claimant or duly authorized agent)

## Application Forms

Copies of the following forms will be supplied by the Copyright Office without charge upon request:

Class A    Form A—Published book manufactured in the United States of America.

Class A
or B    {Form A–B Foreign—Book or periodical manufactured outside the United States of America (except works subject to the ad interim provisions of the copyright law).
Form A–B Ad Interim—Book or periodical in the English language manufactured and first published outside the United States of America.

Class B    {Form B—Periodical manufactured in the United States of America.
Form BB—Contribution to a periodical manufactured in the United States of America.

Class C    Form C—Lecture or similar production prepared for oral delivery.

Class D    Form D—Dramatic or dramatico-musical composition.

Class E    {Form E—Musical composition the author of which is a citizen or domiciliary of the United States of America or which was first published in the United States of America.
Form E Foreign—Musical composition the author of which is not a citizen or domiciliary of the United States of America and which was not first published in the United States of America.

Class F    Form F—Map.

Class G    Form G—Work of art or a model or design for a work of art.

Class H    Form H—Reproduction of a work of art.

Class I    Form I—Drawing or plastic work of a scientific or technical character.

Class J    Form J—Photograph.

Class K    {Form K—Print or pictorial illustration.
Form KK—Print or label used for an article of merchandise.

Class L
or M    Form L–M—Motion picture.

Class N    Form N—Sound recording.

*    Form R—Renewal copyright.

*    Form U—Notice of use of musical composition on mechanical instruments.

| FOR COPYRIGHT OFFICE USE ONLY | | |
|---|---|---|
| Application received: | Two copies received | Photographs or reproductions received |
| JAN 07 1976 | | OCT 1 1975 |
| One copy or reproduction received | | |
| Fee received | | |
| 6.24.61  OCT 1 1975 | | |
| Renewal | | |



# EXHIBIT B

## Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Form VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

regis  **VA 1‑389‑451**

EFFECTIVE DATE OF REGISTRATION

*Nov    20    2006*
Month       Day       Year

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

### 1

**Title of This Work ▼**

Byzantine Alhambra Collection

**NATURE OF THIS WORK ▼** See instructions

**Previous or Alternative Titles ▼**

**Publication as a Contribution** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. **Title of Collective Work ▼**

If published in a periodical or serial give **Volume ▼**      **Number ▼**      **Issue Date ▼**      **On Pages ▼**

### 2

**NAME OF AUTHOR ▼**

**a**  Van Cleef & Arpels Logistics SA

**DATES OF BIRTH AND DEATH**
**Year Born ▼**      **Year Died ▼**

Was this contribution to the work a "work made for hire"?
☑ Yes
☐ No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of _____
Domiciled in   Switzerland

**Was This Author's Contribution to the Work**
Anonymous?        ☐ Yes   ☐ No
Pseudonymous?     ☐ Yes   ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NOTE**
Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was made for hire check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**Nature of Authorship** Check appropriate box(es). **See Instructions**
☐ 3 Dimensional sculpture        ☐ Map              ☐ Technical drawing
☐ 2 Dimensional artwork          ☐ Photograph       ☐ Text
☐ Reproduction of work of art    ☑ Jewelry design   ☐ Architectural work

**b**  **Name of Author ▼**

**Dates of Birth and Death**
**Year Born ▼**      **Year Died ▼**

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of _____
Domiciled in _____

**Was This Author's Contribution to the Work**
Anonymous?        ☐ Yes   ☐ No
Pseudonymous?     ☐ Yes   ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**Nature of Authorship** Check appropriate box(es). **See Instructions**
☐ 3 Dimensional sculpture        ☐ Map              ☐ Technical drawing
☐ 2 Dimensional artwork          ☐ Photograph       ☐ Text
☐ Reproduction of work of art    ☑ Jewelry design   ☐ Architectural work

### 3

**a**  **Year in Which Creation of This Work Was Completed**
2005
This information must be given
Year in all cases.

**b**  **Date and Nation of First Publication of This Particular Work**
Complete this information ONLY if this work has been published.
Month  February   Day ____  Year  2006
Japan
Nation

### 4

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2 ▼

Van Cleef & Arpels Logistics SA
8 Route de Chandolan  1725 Villars sur Glane  Switzerland

**APPLICATION RECEIVED**
NOV 20 2006
**ONE DEPOSIT RECEIVED**
NOV 20 2006
**TWO DEPOSITS RECEIVED**

**FUNDS RECEIVED**

DO NOT WRITE HERE
OFFICE USE ONLY

**Transfer** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright ▼

---

**MORE ON BACK ▶**  Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
See detailed instructions.          Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of __2__ pages

| EXAMINED BY | | FORM VA |
| --- | --- | --- |
| CHECKED BY | | |
| ☐ CORRESPONDENCE Yes | | FOR COPYRIGHT OFFICE USE ONLY |

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

☐ Yes  ☐ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼

a. ☐ This is the first published edition of a work previously registered in unpublished form.

b. ☐ This is the first application submitted by this author as copyright claimant.

c. ☐ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: **Previous Registration Number** ▼         **Year of Registration** ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.

a. **Preexisting Material** Identify any preexisting work or works that this work is based on or incorporates. ▼

Alhambra necklace

**a**

**6**

See instructions before completing this space.

b. **Material Added to This Work** Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

Adaptation of design and additional artistic work

**b**

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.

**Name** ▼                  **Account Number** ▼

**a**

**7**

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/ZIP ▼

Milton Springut
Kalow & Springut LLP
488 Madison Avenue, 19th Floor, New York, NY 10022

**b**

Area code and daytime telephone number  ( 212 ) 813-1600          Fax number  ( 212 ) 813-9600

Email

**CERTIFICATION\*** I, the undersigned, hereby certify that I am the

check only one ▶  ☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☑ authorized agent of _Van Cleef & Arpels Logistics SA_
Name of author or other copyright claimant, or owner of exclusive right(s) ▲

**8**

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

**Typed or printed name and date** ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

Milton Springut                          Date  November 15, 2006

Handwritten signature (X) ▼

X  _Milton Springut_

| Certificate will be mailed in window envelope to this address: | **Name** ▼ Milton Springut, Esq. | **YOU MUST:** • Complete all necessary spaces • Sign your application in space 8 | **9** |
| | **Number/Street/Apt** ▼ Kalow & Springut LLP, 488 Madison Avenue, 19th Floor | SEND ALL 3 ELEMENTS IN THE SAME PACKAGE: 1. Application form 2. Nonrefundable filing fee in check or money order payable to Register of Copyrights 3. Deposit material | |
| | **City/State/ZIP** ▼ New York, NY 10022 | MAIL TO: Library of Congress Copyright Office 101 Independence Avenue, S.E. Washington, D.C. 20559-6000 | |

\*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

Rev: August 2003—30,000   Web Rev: June 2002   ♻ Printed on recycled paper                    U.S. Government Printing Office: 2003-496-605/60,029



# EXHIBIT C

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Form VA**
For a Work of the Visual Arts

VA 1–390–325

EFFECTIVE DATE OF REGISTRATION

NOV   20   2006

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE USE A SEPARATE CONTINUATION SHEET**

## 1

**Title of This Work ▼**

Magic Alhambra Collection

**NATURE OF THIS WORK ▼** See Instructions

**Previous or Alternative Titles ▼**

**Publication as a Contribution** If this work was published as a contribution to a periodical, serial or collection, give information about the collective work in which the contribution appeared  **Title of Collective Work ▼**

If published in a periodical or serial give  **Volume ▼**       **Number ▼**       **Issue Date ▼**       **On Pages ▼**

## 2

**NOTE**

Under the law the author of a work made for hire is generally the employer not the employee (see instructions) For any part of this work that was made for hire check Yes in the space provided give the employer (or other person for whom the work was prepared as Author of that part and leave the space for dates of birth and death blank

**a**

**NAME OF AUTHOR ▼**

Van Cleef & Arpels Logistics SA

**DATES OF BIRTH AND DEATH**
Year Born ▼       Year Died ▼

Was this contribution to the work a "work made for hire"?
☑ Yes
☐ No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of _____
Domiciled in __Switzerland__ }

**Was This Author's Contribution to the Work**
Anonymous?   ☐ Yes  ☐ No
Pseudonymous?  ☐ Yes  ☐ No
If the answer to either of these questions is "Yes," see detailed instructions

**Nature of Authorship** Check appropriate box(es) **See Instructions**
☐ 3 Dimensional sculpture      ☐ Map        ☐ Technical drawing
☐ 2 Dimensional artwork        ☐ Photograph   ☐ Text
☐ Reproduction of work of art  ☑ Jewelry design  ☐ Architectural work

**b**

**Name of Author ▼**

**Dates of Birth and Death**
Year Born ▼      Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of _____
Domiciled in _____ }

**Was This Author's Contribution to the Work**
Anonymous?   ☐ Yes  ☐ No
Pseudonymous?  ☐ Yes  ☐ No
If the answer to either of these questions is "Yes," see detailed instructions

**Nature of Authorship** Check appropriate box(es) **See Instructions**
☐ 3 Dimensional sculpture      ☐ Map        ☐ Technical drawing
☐ 2 Dimensional artwork        ☐ Photograph   ☐ Text
☐ Reproduction of work of art  ☑ Jewelry design  ☐ Architectural work

## 3

**a**

**Year in Which Creation of This Work Was Completed**
2005
This information must be given Year in all cases

**b**

**Date and Nation of First Publication of This Particular Work**
Complete this information ONLY if this work has been published.
Month _September_   Day _____   Year _2006_
France     Nation

## 4

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2 ▼

Van Cleef & Arpels Logistics SA
8 Route de Chandolan 1725 Villars sur Glane Switzerland

**Transfer** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2 give a brief statement of how the claimant(s) obtained ownership of the copyright ▼

**APPLICATION RECEIVED**
NOV 20 2006
**ONE DEPOSIT RECEIVED**
NOV 20 2006
**TWO DEPOSITS RECEIVED**

**FUNDS RECEIVED**

---

**MORE ON BACK ▶**  Complete all applicable spaces (numbers 5–9) on the reverse side of this page
See detailed instructions          Sign the form at line 8

DO NOT WRITE HERE
Page 1 of ___ Pages

| EXAMINED BY | | FORM VA |
| CHECKED BY | | |
| | CORRESPONDENCE  ☐ Yes | FOR COPYRIGHT OFFICE USE ONLY |

**DO NOT WRITE ABOVE THIS LINE  IF YOU NEED MORE SPACE  USE A SEPARATE CONTINUATION SHEET**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes  ☐ No  If your answer is "Yes," why is another registration being sought?(Check appropriate box ) ▼
a. ☐ This is the first published edition of a work previously registered in unpublished form
b. ☐ This is the first application submitted by this author as copyright claimant
c. ☐ This is a changed version of the work  as shown by space 6 on this application
If your answer is  Yes  give  Previous Registration Number ▼          Year of Registration ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work  complete only 6b for a compilation
a. Preexisting Material  Identify any preexisting work or works that this work is based on or incorporates ▼

Alhambra necklace

b  Material Added to This Work  Give a brief  general statement of the material that has been added to this work and in which copyright is claimed ▼
Adaptation of design and additional artistic work

**6**
**a**
See instructions before completing this space
**b**

**DEPOSIT ACCOUNT**  If the registration fee is to be charged to a Deposit Account established in the Copyright Office  give name and number of Account
Name ▼                                                Account Number ▼

**7**
**a**

**CORRESPONDENCE**  Give name and address to which correspondence about this application should be sent Name/Address/Apt/City/State/ZIP ▼
Milton Springut
Kalow & Springut LLP
488 Madison Avenue  19th Floor  New York  NY 10022

**b**

Area code and daytime telephone number   ( 212 ) 813 1600                    Fax number    ( 212 ) 813-9600
Email

**CERTIFICATION\***  I  the undersigned  hereby certify that I am the

check only one ▶ { ☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☑ authorized agent of   Van Cleef & Arpels Logistics SA
Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge

**8**

Typed or printed name and date ▼ If this application gives a date of publication in space 3  do not sign and submit it before that date
Milton Springut                                                        Date  November 15  2006

Handwritten signature (X) ▼

x   _Milton Springut_

| Certificate will be mailed in window envelope to this address | Name ▼  Milton Springut  Esq |
| | Number/Street/Apt ▼  Kalow & Springut LLP  488 Madison Avenue  19th Floor |
| | City/State/ZIP ▼  New York  NY 10022 |

• Complete all necessary spaces
• Sign your application in space 8

SEND ALL 3 ELEMENTS IN THE SAME PACKAGE
1 Application form
2 Nonrefundable filing fee in check or money order payable to Register of Copyrights
3 Deposit material

Library of Congress
Copyright Office
101 Independence Avenue  S E
Washington  D C  20559-6000

**9**

17 U S C  § 506(e)  Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409  or in any written statement filed in connection with the application  shall be fined not more than $2 500

Rev August 2000—30 000  Web Rev June 2002  ⊛ Printed on recycled paper                                 U S Government Printing Office 2003-496-605/60 025











# EXHIBIT D

|  |  |
|---|---|
| Generated on: | This page was generated by TSDR on 2015-06-03 19:31:44 EDT |
| Mark: | |

| | | | |
|---|---|---|---|
| US Serial Number: | 85558957 | Application Filing Date: | Mar. 02, 2012 |
| US Registration Number: | 4326883 | Registration Date: | Apr. 30, 2013 |
| Register: | Principal | | |
| Mark Type: | Trademark | | |
| Status: | Registered. The registration date is used to determine when post-registration maintenance documents are due. | | |
| Status Date: | Apr. 30, 2013 | | |
| Publication Date: | Feb. 12, 2013 | | |

## Mark Information

| | |
|---|---|
| Mark Literal Elements: | None |
| Standard Character Claim: | No |
| Mark Drawing Type: | 2 - AN ILLUSTRATION DRAWING WITHOUT ANY WORDS(S)/ LETTER(S)/NUMBER(S) |
| Description of Mark: | The mark consists of a three-dimensional configuration of a jewelry element comprising repeated and equally spaced quatrefoil pieces each of the same size connected by chain links. Each quatrefoil piece has an outer edge that is beaded with an inner portion that is flat. Each quatrefoil piece also has four larger beads positioned at central points within it. The inner portion of the quatrefoil piece is in the color gray for shading purposes only. The chain links shown in broken lines are intended solely to indicate the positioning of the mark and are not part of the mark. Color is not claimed as a feature of the mark. |
| Color(s) Claimed: | Color is not claimed as a feature of the mark. |
| Acquired Distinctiveness Claim: | In whole |
| Design Search Code(s): | 17.03.02 - Bracelets; Chains, jewelry; Tags, identification (metal); Dog tags (military identification); Necklaces; Chokers (jewelry) |

## Goods and Services

**Note:** The following symbols indicate that the registrant/owner has amended the goods/services:

- Brackets [..] indicate deleted goods/services;
- Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit of incontestability; and
- Asterisks *..* identify additional (new) wording in the goods/services.

| | | | |
|---|---|---|---|
| For: | Jewelry | | |
| International Class(es): | 014 - Primary Class | U.S Class(es): | 002, 027, 028, 050 |
| Class Status: | ACTIVE | | |
| Basis: | 1(a) | | |
| First Use: | 1968 | Use in Commerce: | 1968 |

## Basis Information (Case Level)

| | | | | | |
|---|---|---|---|---|---|
| Filed Use: | Yes | Currently Use: | Yes | Amended Use: | No |
| Filed ITU: | No | Currently ITU: | No | Amended ITU: | No |
| Filed 44D: | No | Currently 44D: | No | Amended 44D: | No |
| Filed 44E: | No | Currently 44E: | No | Amended 44E: | No |
| Filed 66A: | No | Currently 66A: | No | | |
| Filed No Basis: | No | Currently No Basis: | No | | |

## Current Owner(s) Information

| | | | |
|---|---|---|---|
| Owner Name: | Van Cleef & Arpels S.A. | | |
| Owner Address: | 8, Route des Biches 1752 Villars-sur-Glane SWITZERLAND | | |
| Legal Entity Type: | CORPORATION | State or Country Where Organized: | SWITZERLAND |

## Attorney/Correspondence Information

**Attorney of Record**

| | | | |
|---|---|---|---|
| Attorney Name: | Lawrence E. Apolzon | Docket Number: | VCA 1004314 |

| Correspondent | |
|---|---|
| Correspondent Name/Address: | Lawrence E. Apolzon<br>Fross Zelnick Lehrman & Zissu, P.C.<br>866 United Nations Plaza<br>New York, NEW YORK 10017<br>UNITED STATES |

| Domestic Representative | |
|---|---|
| Domestic Representative Name: | Fross Zelnick Lehrman & Zissu, P.C. |

# Prosecution History

| Date | Description | Proceeding Number |
|---|---|---|
| Jan. 07, 2015 | ATTORNEY REVOKED AND/OR APPOINTED | |
| Jan. 07, 2015 | TEAS REVOKE/APPOINT ATTORNEY RECEIVED | |
| Apr. 30, 2013 | REGISTERED-PRINCIPAL REGISTER | |
| Feb. 12, 2013 | PUBLISHED FOR OPPOSITION | |
| Jan. 23, 2013 | NOTICE OF PUBLICATION | |
| Jan. 08, 2013 | LAW OFFICE PUBLICATION REVIEW COMPLETED | 70633 |
| Jan. 07, 2013 | ASSIGNED TO LIE | 70633 |
| Dec. 19, 2012 | APPROVED FOR PUB - PRINCIPAL REGISTER | |
| Dec. 18, 2012 | TEAS/EMAIL CORRESPONDENCE ENTERED | 88889 |
| Dec. 17, 2012 | CORRESPONDENCE RECEIVED IN LAW OFFICE | 88889 |
| Dec. 17, 2012 | TEAS RESPONSE TO OFFICE ACTION RECEIVED | |
| Jun. 19, 2012 | NON-FINAL ACTION MAILED | |
| Jun. 19, 2012 | NON-FINAL ACTION WRITTEN | 78478 |
| Jun. 12, 2012 | ASSIGNED TO EXAMINER | 78478 |
| May 17, 2012 | TEAS/EMAIL CORRESPONDENCE ENTERED | 70997 |
| May 17, 2012 | CORRESPONDENCE RECEIVED IN LAW OFFICE | 70997 |
| May 11, 2012 | ASSIGNED TO LIE | 70997 |
| May 01, 2012 | TEAS VOLUNTARY AMENDMENT RECEIVED | |
| Mar. 10, 2012 | NOTICE OF DESIGN SEARCH CODE MAILED | |
| Mar. 09, 2012 | NEW APPLICATION OFFICE SUPPLIED DATA ENTERED IN TRAM | |
| Mar. 06, 2012 | NEW APPLICATION ENTERED IN TRAM | |

# TM Staff and Location Information

| TM Staff Information - None | |
|---|---|
| **File Location** | |
| Current Location: PUBLICATION AND ISSUE SECTION | Date in Location: Apr. 30, 2013 |

# EXHIBIT E









# EXHIBIT F

## La Preciosa jewelry pieces on Overstock.com



La Preciosa Goldplated Sterling Silver Mother
of Pearl Clover Necklace

**Today: $83.99 - $149.99**

★★★★★ (1 reviews)

La Preciosa Sterling Silver Created Mother of
Pearl Clover Necklace

**Today: $44.99**
MSRP: $99.00 | Off MSRP: 55%

★★★★✫ (5 reviews)



La Preciosa Sterling Silver Mother of Pearl
and Abalone Shell Clover Earrings

**Today: $39.49**
MSRP: $92.99 | Off MSRP: 58%

 (6 reviews)



La Preciosa Gold over Silver Mother of Pearl
and Onyx Clover Bracelet

**Today: $49.99**



La Preciosa Gold over Silver Mother of Pearl
and Abalone Clover Earrings

**Today: $49.99**



La Preciosa Gold over Silver Mother of Pearl
Clover Necklace

**Today: $48.99**
MSRP: $95.25 | Off MSRP: 49%

 (1 reviews)



La Preciosa Sterling Silver Created Turquoise
Clover 20-inch Necklace

**Today: $69.99**
MSRP: $470.99 | Off MSRP: 59%



La Preciosa Sterling Silver Mother of Pearl
Clover Stud Earrings

**Today: $25.99**



La Preciosa Sterling Silver Turquoise Clover
Earrings

**Today: $26.99**
MSRP: $65.00 | Off MSRP: 59%

★☆☆☆☆ (1 reviews)





La Preciosa Silver Mother of Pearl and
Abalone Shell Clover Bracelet

**Today: $47.49**
MSRP: $110.99 | Off MSRP: 57%

★★★★⯪ (4 reviews)



La Preciosa Sterling Silver Mother of Pearl
and Onyx Clover Bracelet
**Today: $71.99**



La Preciosa Gold over Silver Mother of Pearl
Clover Earrings
**Today: $29.99**



La Preciosa Sterling Silver Multiple Clovers
Toggle Bracelet

**Today: $39.99**


MSRP: $90.00 | Off MSRP: 56%

★★☆☆☆ (1 reviews)



La Preciosa Sterling Silver Mother of Pearl
Clover Earrings

**Today: $28.49**
MSRP: $66.00 | Off MSRP: 57%



★★★★★ (1 reviews)



La Preciosa Sterling Silver Pink Coral Clover
Necklace

**Today: $49.99**



La Preciosa Sterling Silver Created Turquoise
Clover Necklace

**Today: $40.49**
MSRP: $99.00 | Off MSRP: 59%

★★★★★ (1 review)



La Preciosa Sterling Silver Created Onyx
Clover Necklace
**Today: $47.99**
MSRP: $99.00 | **Off MSRP: 52%**



La Preciosa Sterling Silver Created Turquoise
Clover Bracelet
**Today: $47.49**
MSRP: $110.00 | **Off MSRP: 57%**



La Preciosa Sterling Silver Onyx Clover
Earrings

**Today: $31.99**
MSRP: $66.00 | Off MSRP: **52%**



La Preciosa Silver Mother of Pearl and
Abalone Clover 20-inch Necklace

**Today: $72.99**
MSRP: $172.50 | Off MSRP: **58%**

 (3 reviews)



La Preciosa Goldplated Sterling Silver Mother
of Pearl Dangle Earrings

**Today: $35.99**

# EXHIBIT G

Case 1:15-cv-04287-KBF   Document 1   Filed 06/03/15   Page 56 of 57



**INSIDE**

Alhambra copies found on http://www.classicofny.com/



M-4653

$ Login for price



M-4652

$ Login for price



M-4651

$ Login for price